UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ILYA MIRONOV, an individual, | Case No.: 2:22-cv-00416 |
| Plaintiff, | NOTICE OF REMOVAL |
| vs. | |
| PHH MORTGAGE CORPORATION, a New Jersey Corporation, | |
| Defendant. | |

TO:        Clerk of the Court

AND TO:    All Parties

Please take notice that Defendant PHH Mortgage Corporation ("Defendant PHH") hereby removes the case now pending in the King County Superior Court, assigned Case No. 22-2-02913-7 SEA, to the United States District Court for the Western District of Washington, pursuant to 28 U.S.C. §§ 1332 and 1446. Defendant PHH appears for the purpose of removal only and for no other purpose, and reserves all defenses and rights available to it. Defendant PHH does not waive any defenses, including improper venue. In support of this Notice of Removal, Defendant PHH states as follows:

NOTICE OF REMOVAL
CASE NO.
Page 1

HOUSER LLP
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

**I.      STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**

On March 1, 2022, Plaintiff Ilya Mironov (the "Plaintiff") filed a Complaint for Damages in King County Superior Court, Washington. The Complaint names Defendant PHH as the sole defendant joined as a party. Defendant PHH is not a citizen of Washington, nor is Defendant PHH's principal place of business is located in Washington State. Declaration of Nicholas A. Reynolds in Support of Notice of Removal ("Decl."), **Exhibit #1**. On or about March 1, 2022, Defendant PHH received a copy of the Complaint. *Id.* at ¶ 3.

Plaintiff's Complaint alleges that Plaintiff is a resident of Washington State. The Complaint alleges claims for injuries and damages related to the real property located at 2385 Hughes Avenue SW, Seattle, King County, Washington (the "Property"), which is valued at $908,000.00 by the King County Assessor. Decl., **Ex. # 2**. Plaintiff's Complaint sets forth causes of action for breach of contract, breach of the duty of good faith and fair dealing, as well as violation of Washington's consumer protection act statute. Decl., **Ex. # 3**.

**II.      BASIS FOR REMOVAL**

The United States District Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between the Plaintiff and the Defendant; and (2) the amount in controversy exceeds $75,000.00.

**A.     Diversity Jurisdiction Exists Between the Parties.**

This is a civil action over which this Court has original jurisdiction, based on diversity jurisdiction. Pursuant to 28 U.S.C. § 1332, a civil action brought in a state court may be removed by the defendant if the amount in controversy exceeds $75,000.00 and it is between citizens of different states.

NOTICE OF REMOVAL
CASE NO.
Page 2

HOUSER LLP
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

The Plaintiff's Complaint states that he is entitled to contractual benefits and extra-contractual remedies. Plaintiff has pled contractual and extra-contractual claims that place the value of the case at greater than $75,000. Here, the amount in controversy exceeds $75,000.00 because the Plaintiff has explicitly made a claim for economic damages equal to or greater than $39,893.97 and has pled a cause of action seeking treble damages under RCW 19.86 *et seq* that place the case value above the amount in controversy threshold.

The requirement for diverse citizenship is also met. Plaintiff is a citizen and resident of Washington. Defendant PHH is a corporation organized under the laws of the state of New Jersey, with its principal place of business in New Jersey. Therefore, under 28 U.S.C. § 1332(c)(1), Defendant PHH is a citizen of New Jersey for diversity purposes.

### III.   TIMING OF REMOVAL

Defendant PHH's removal herein is timely. Pursuant to 28 U.S.C. § 1446(b), notice of removal is timely filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

The thirty-day time period in which the defendant must remove the case is determined through examination of the four corners of the applicable pleadings. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). In such case, notice of removal may be filed within thirty days after receipt by the defendant, of a copy of an amended pleading, motion order, or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446 (b).

NOTICE OF REMOVAL  
CASE NO.  
Page 3

HOUSER LLP  
600 University St., Ste. 1708  
Seattle, WA 98101  
PH: (206) 596-7838  
FAX: (206) 596-7839

Here, the Affidavit of Process Server provided by the Plaintiff reflects that a copy of the Complaint, Order Setting Case Schedule and Case Information Cover Sheet were personally served on an agent of Defendant PHH authorized to receive service of process on or about March 1, 2022. Accordingly, the removal of proceedings is timely.

## IV.  VENUE

Removal to the United States District Court for the Western District of Washington, is appropriate because the Superior Court of King County, Washington is within this Court's District and Division. *See* 28 U.S.C. §1446(a). That said, Defendants reserve all defenses, including the right to challenge improper venue.

## V.  NOTIFICATION TO STATE COURT OF REMOVAL

Contemporaneously with the filing of this Notice of Removal, counsel for Defendant PHH is serving written notice on the Plaintiff and filing the same with the Clerk of the Superior Court of King County, Washington, as required by 28 U.S.C. § 1446(d). Decl. ¶ 4.

## VI.  STATE COURT FILINGS ATTACHED

Pursuant to 28 U.S.C. § 1446(a), true and accurate copies of all process, pleadings and orders received by Defendants and filed in the State Court Action are attached as **Exhibit 1**.

The removal of this action terminates all potential proceedings in King County Superior Court. *See* 28 U.S.C. § 1446(d).

## VII. CONCLUSION

Defendant PHH respectfully gives notice that the above-entitled action is removed from the Superior Court of King County, Washington, to the United States District Court for the Western District of Washington.

NOTICE OF REMOVAL
CASE NO.
Page 4

HOUSER LLP
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

1    Dated: April 1, 2022.

2                             **HOUSER LLP**

3

4              By:*/s/ Nicholas A. Reynolds*
                Nicholas A. Reynolds  (WSBA 44935)
                nreynolds@houser-law.com
5
              By: *s/ Robert W. Norman, Jr.*
6                Robert W. Norman, Jr. (WSBA 37094)
                 bnorman@houser-law.com
7                Attorneys for Defendant PHH Mortgage
                 Corporation

# CERTIFICATE OF SERVICE

I the undersigned declare as follows: I am over the age of 18 years and am not a party to this action. On April 1, 2022, I served the foregoing document(s): NOTICE OF REMOVAL in the manner described below:

| | |
|---|---|
| Reed Yurchak<br>Law Office of Reed Yurchak<br>620 131st Avenue NE<br>Bellevue, WA 98005<br>reed@yurchaklaw.com<br>*Attorneys for Plaintiff* | ☒ U.S. Mail, Postage Prepaid<br>☒ E-mail/KC E-Service<br>☐ UPS 2 Day Shipping<br>☐ Courier |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 1, 2022

*s/ Jasmine Blanco*
Jasmine Blanco

NOTICE OF REMOVAL
CASE NO.
Page 6

HOUSER LLP
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839